**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| AGRI-SYSTEMS d/b/a ASI INDUSTRIAL, <br> 1300 Minnesota Ave <br> Billings, Montana 59101 <br><br>    Plaintiff, <br><br> v. <br><br> STRUCTURAL TECHNOLOGIES, LLC, <br> 10150 Old Columbia Road, <br> Columbia, Maryland 21046 <br><br>    Defendant. | Case No. 19-cv-2238 |
| STRUCTURAL TECHNOLOGIES, LLC, <br><br>    Counter Plaintiff, <br><br> v. <br><br> AGRI-SYSTEMS d/b/a ASI INDUSTRIAL, <br><br>    Counter-Defendant. | |

**STRUCTURAL TECHNOLOGIES LLC'S
ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant, Structural Technologies, LLC ("Structural"), through undersigned counsel, hereby submits this Answer to the Complaint of Plaintiff, Agri-Systems d/b/a ASI Industrial ("ASI") and Counterclaim, and states upon information and belief, the following:

PARTIES

1.   Structural lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies them.

2.   Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. The "subcontract" referenced in Paragraph 4 of the Complaint speaks for itself and is therefore the best evidence of the contents therein. That subcontract was prepared by ASI. To the extent that any allegations of fact set forth in Paragraph 4 of the Complaint are inconsistent with the subcontract, they are denied, and they should be construed against the drafter, ASI.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Paragraph 5 is denied.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Paragraph 6 is denied.

## BACKGROUND FACTS

7. Structural lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies them.

8. The "contract" referenced in Paragraph 8 of the Complaint speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 8 of the Complaint are inconsistent with the contract, they are denied, and they should be construed against the drafter, ASI.

9. Admitted only that Structural understood that the Project and any method of construction was per the Contract and Subcontract plans and specifications, which are documents that speak for themselves and to the extent that any allegations of fact set forth in Paragraph 9 of the Complaint are inconsistent with the Contract and Subcontract plans and specifications, they are denied.

10. Structural lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies them.

11. Admitted only that Structural is the exclusive distributor of VSL post-tensioning products and construction systems in the United States; otherwise Structural lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies them.

12. The "Subcontract" referenced in Paragraph 12 of the Complaint and attached as Exhibit 1 speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 12 of the Complaint are inconsistent with the Subcontract, they are denied.

13. The "Subcontract" referenced in Paragraph 13 of the Complaint and attached as Exhibit 1 speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 13 of the Complaint are inconsistent with the Subcontract, they are denied.

14. The "Subcontract" referenced in Paragraphs 12 and 13 of the Complaint and attached as Exhibit 1 sets forth the parties' respective obligations and responsibilities and speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 14 of the Complaint are inconsistent with the Subcontract, they are denied.

15. Admitted that Structural is generally familiar with the slip form pour method; otherwise denied as to the truth of the remaining allegations set forth in Paragraph 15.

16. Admitted only that Structural participated in planning and coordination meetings and communicated with ASI, the designer and constructor of the Project, regarding the design

and construction of the silos and its Subcontract Work; otherwise denied as to the truth of the remaining allegations set forth in Paragraph 16.

17. Admitted only that Structural furnished and installed the sheathed prestressing strands and furnished the anchorages for use in the construction of the Project; otherwise Structural lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies them.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT I – BREACH OF CONTRACT

23. Structural incorporates the responses set forth in Paragraphs 1 through 22 as if fully set forth herein.

24. Denied as to all allegations of fact contained with Paragraph 24 and subparagraphs a through d.

25. Denied.

26. Denied.

27. Denied.

28. Denied; Paragraph 28 of the Complaint states a legal conclusion to which no response is required.

29. Denied; Paragraph 29 of the Complaint states a legal conclusion to which no response is required.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Paragraph 30 is denied.

## COUNT II – BREACH OF WARRANTY

31. Structural incorporates the responses set forth in Paragraphs 1 through 30 as if fully set forth herein.

32. The "Subcontract" referenced in Paragraphs 12 and 13 of the Complaint and attached as Exhibit 1 sets forth the parties' respective obligations, responsibilities and express warranties and speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 32 of the Complaint are inconsistent with the Subcontract, or any express warranty stated therein, they are denied, and they should be construed against the drafter, ASI.

33. Admitted.

34. The "Subcontract" referenced in Paragraphs 12 and 13 of the Complaint and attached as Exhibit 1 sets forth the parties' respective obligations, responsibilities and express warranties and speaks for itself and is therefore the best evidence of the contents therein. To the extent that any allegations of fact set forth in Paragraph 34 of the Complaint are inconsistent with the Subcontract, or any express warranty stated therein, they are denied.

35. Denied.

36. Denied; Paragraph 36 of the Complaint states a legal conclusion to which no response is required.

Denied as to the allegations of fact set forth in the unnumbered paragraph following Paragraph 36, which state a legal conclusion to which no response is required.

The second paragraph following Paragraph 36 of the Complaint, together with all subparts, is an *ad damnum* clause to which no response is required. To the extent that a response is required, Structural denies all allegations of fact set forth therein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Structural hereby asserts each of the following affirmative and additional defenses to the claims set forth in ASI's Complaint:

## FIRST DEFENSE

Structural denies all the allegations not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

ASI fails to state a claim against Structural upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

ASI's claims are barred by its first material breach of the Subcontract.

## FOURTH AFFIRMATIVE DEFENSE

ASI's claims are barred because it materially breached the Subcontract and/or failed to meet all conditions precedent for asserting its claims.

## FIFTH AFFIRMATIVE DEFENSE

ASI's claims are barred by the terms of the Subcontract.

## SIXTH AFFIRMATIVE DEFENSE

ASI's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

ASI's claims are barred by its failure to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

ASI's claims are barred by the doctrines of payment, set-off and recoupment.

<u>NINTH AFFIRMATIVE DEFENSE</u>

ASI fails to state a claim for the recovery of attorneys' fees and costs.

<u>TENTH AFFIRMATIVE DEFENSE</u>

ASI's claims are barred by the doctrine of ratification.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

ASI's claims are barred by the doctrines of waiver and release.

In addition to the foregoing, Structural reserves the right to raise all defenses available to it, including, but not limited to, those asserted herein, and reserves the right to reply upon any other defenses, including affirmative defense, that may become available to it during the course of discovery in this matter.

WHEREFORE, having fully answered the Complaint, Defendant, Structural Technologies, LLC, respectfully requests that this Honorable Court deny the relief sought by Agri-Systems d/b/a ASI Industrial against Strucutral, enter judgment in favor Structural and against Agri-Systems d/b/a ASI Industrial, and grant such further and additional relief as it deems just and proper.

## COUNTERCLAIM OF STRUCTURAL TECHNOLOGIES, LLC

Counter Plaintiff, Structural Technologies, LLC ("Structural), through undersigned counsel and pursuant to Rule 13 of the Federal Rules of Civil Procedure, hereby submits its Counterclaim against Counter-Defendant, Agri-Systems d/b/a ASI Industrial ("ASI"), and in support hereof states, upon information and belief, the following:

## PARTIES & JURISDICTION

1. Structural is a Maryland limited liability company with its principal place of business at 10150 Old Columbia Road, Columbia, Maryland 21046. Structural was the subcontractor for the project at issue in this dispute. At all times relevant hereto, Structural was licensed and authorized to do business in the State of Colorado.

2. ASI is a Montana Corporation with its principal place of business at 1300 Minnesota Avenue, Billings, Montana 59101. ASI was the designer and constructor for the project at issue in this dispute.

3. This Court has subject matter jurisdiction over Structural's Counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence that is the subject matter of ASI's Complaint.

## FACTS

4. This Counterclaim arises out of ASI's defective design, workmanship, and interference with Structural's performance, and ASI's failure to timely pay Structural pursuant to a Subcontract for the supply and installation of post-tensioning strands, in connection with ASI's design and construction of six, concrete storage silos located in Greely, Colorado (the "Project").

        **A.**        **ASI and Structural entered into a Subcontract.**

        5.        On or about June 25, 2018, Structural and ASI entered into a subcontract in the fixed-price sum of $232,500.00, pursuant to which, in exchange for ASI's full and timely payment, Structural agreed to furnish and install post-tensioning, coated and sheathed steel tendons ("monostrands") and supply anchor bearing plates for incorporation by ASI into ASI's Work under its overall contract with Omaha Track Company to design and construct six concrete storage silos (hereinafter the "Subcontract," "Work," "Contract," and "Owner").[1]  A true and correct copy of the Subcontract is attached to this Counterclaim as Exhibit 1.

        6.        The Project consisted of utilizing a concrete slip form method, whereby ASI designed and constructed the slip forms and poured all six silos at the same time and continuously to the full 135-foot height of the "6-Pack" structure.  The slip forms would be pulled upward ("slipped up") as the concrete was being continuously poured for the 6-Pack.  The monostrands would be placed in the forms during the pour, inserted into the anchors previously attached to the bulkheads by ASI, and then tensioned later.

        7.        Structural's Subcontract Work, however, was limited to only furnishing the monostrands and anchorages, installing the monostrand channels to the concrete slip forms, installing the monostrands during the slip form pours, removing the recess forms, tensioning the monostrands following installation, and removing the post-stressed tails (hereinafter the "VSL post-tensioning system").[2]  *See* Ex. 1 at 2, Exhibit A – Scope of Work.

        8.        Although Structural supplied the anchor plates and recess forms for attachment of the VSL post-tensioning system to the concrete bulkheads at the base of each silo, ASI and/or its

---

[1] Capitalized terms not defined herein have the meaning set forth in the underlying Subcontract Documents.
[2] Structural is exclusive distributor of VSL products in the United States.

other subcontractors were responsible for, among other things, installing the bulkheads, placing and connecting the anchor plates to the bulkheads, installing the recess forms, and filling in the anchor recesses following removal.[3]  *Id.*

9.  ASI also was responsible for the overall design of the bulkheads, slip forms, concrete mixes and connections for the VSL post-tensioning system, including connections for the anchors supplied by Structural and ensuring that its slip form system would accommodate, and work with, the VSL post-tensioning system.

10. Structural's Subcontract Price assumed Structural would perform its work in a single mobilization for the installation of all 978 monostrands (163/silo), running concurrently with ASI's continuous pours of the 6-Pack.

**B.  ASI defectively designed and/or performed the concrete slip forms.**

11. The Subcontract fully incorporated the plans and specifications and the terms of the Contract between ASI and the Owner. *See* Ex. 1 at 3, Exhibit B – Terms and Conditions of Subcontract Agreement.  Under the Contract, ASI was responsible for, among other things, coordinating its design and all work on the Project to ensure timely and proper performance of the Contract.

12. ASI's performance and coordination of the Contract was critical to Structural's performance of its Subcontract Work because the specified-method for installing the VSL post-tensioning system, *i.e.*, the feeding of the monostrands into the forms, would run concurrently and adjacent ASI and its other subcontractors' work occurring during the continuous pour of the 6-Pack.

---

[3] Structural's Scope of Work specifically excluded, among other things, "all carpentry work including bulkheads, formwork, shoring, scaffolding, and design thereof," and "all concrete work including furnishing, placing, finishing, and curing. *See* Ex. 1 at 2, Exhibit A – Scope of Work.

13.     ASI failed to properly coordinate Structural's Work, and it failed to design and properly perform the slip form pour method.

14.     Specifically, and without limitation unbeknownst to Structural, ASI's design and installation of the slip forms and anchor connections for the VSL post-tensioning system caused the concrete bulkheads to dislodge and slip up along with the forms, instead of staying in place, as designed, and as required for anchoring of the VSL post-tensioning system.

15.     In other words, whether by ASI's design, or ASI's installation and operation of the slip forms (or all of the above), the concrete bulkheads were in friction with the forms and moved upward during the slip, which in turn caused the monostrands connected to the bulkheads to move upward as the slip forms were raised with the continuous concrete pour.

   **C.     Structural notified ASI of its failures and incurred additional costs.**

16.     Although Structural immediately—and repeatedly—notified ASI of its design, operation, and/or installation problems, ASI ignored Structural's concerns and continued with the pour unabated, including the infilling of the anchor recesses following the pour.

17.     Consequently, Structural suffered extensive delays and impacts to its Work and Structural was forced to perform extensive rework and additional work to correct the problems caused by ASI's defective design and/or improper installation and operation of the slip forms.

18.     On or about April 24, 2019, and in response to ASI's claim that Structural caused the issues with the slip forms, Structural provided a detailed response summarizing these issues. A true and correct copy the April 24, 2019 Letter is appended hereto as <u>Exhibit 2</u>.

  **D.**  **Structural timely submitted a claim under the Subcontract.**

  19.  In addition, on or about March 22, 2019, Structural timely submitted a claim for its additional costs resulting from ASI's defective design and/or installation and operation of the slip forms and anchors.

  20.  Specifically, Structural suffered additional costs due to, among other things, ASI' delayed and intermittent edge form removal, lack of reliable work platforms furnished by ASI, additional survey of tendon installation due to edge form slippage, inconsistent electrical power and stressing equipment furnished by ASI resulting in delays, extra-scope of work removing anchorage recess forms, cleaning of wedge cavities due to edge form slippage, delays due to ASI repairing concrete in anchorage zones, short tendon tails, multiple post-slip mobilizations and extended internal stressing equipment charges. A true and correct copy of Structural's Claim is appended hereto as <u>Exhibit 3</u>.

  21.  Structural has satisfied all conditions precedent to maintaining this Counterclaim.

<u>COUNT I</u>
(Breach of Contract against Agri-Systems d/b/a ASI Industrial)

  22.  Structural incorporates the allegations in Paragraphs 1 through 21 of the Counterclaim as if fully set forth herein.

  23.  Structural entered into a valid and enforceable Subcontract with ASI, pursuant to which Structural was entitled to full, timely payment for all of Work performed under the Subcontract and any acknowledged and properly executed amendments or modifications thereto.

  24.  Structural fully and properly performed all of its obligations under the Subcontract including, without limitation, performing all of its Work in accordance with the Subcontract and Contract Documents.

25.     Despite Structural fully and faithfully fulfilling all of its obligations under the Subcontract, ASI materially breached the Subcontract by, among other things: a) failing to timely and properly design, perform and coordinate all of the Work in accordance with the Subcontract and Contract Documents, b) defectively designing and/or installing and operating the forms resulting in Structural not being able to properly install and/or tension the monostrands during and following the pours, c) interfering with Structural's performance of its Work, d) and failing to make timely and full payment to Structural for its full and proper performance of the Subcontract.

26.     As a direct and proximate result of ASI's multiple and repeated material breaches of the Subcontract, Structural has suffered compensable damages as follows: $237,937.09 for the Work, and $42,000.00 of additional costs incurred by Structural.

WHEREFORE, Counter Plantiff, Structural Technologies, LLC, respectfully requests that this Honorable Court enter judgment in its favor and against Counter-Defendant Agri-Systems d/b/a ASI Industrial, and award Structural compensatory damages in an amount to be proven at trial, but which exceeds two hundred and seventy-nine thousand, nine hundred and thirty seven dollars and 09/100 ($279,937.09), plus pre- and post-judgment interest, and such other and further relief that the Court deems just and proper

Dated:  August 7, 2019

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:  /s/ Lawrence M. Prosen
Lawrence M. Prosen
Benjamin L. Williams
607 14th Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 481-9940
Fax: (202) 508-5858
lprosen@kilpatricktownsend.com
blwilliams@kilpatricktownsend.com

Patrick J. Carew
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Tel: (214) 922-7155
Fax: (214) 279-5178
pcarew@kilpatricktownsend.com

*Counsel for Defendant Structural Technologies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2019, a copy of the foregoing Answer to Complaint and Counterclaim was served on the following by electronic mail and first-class mail, postage prepaid:

Andrew J. Manion
Manion Stigger LLP
20 N.W. First Street, Ste. 200
Evansville, IN 47708
ajmanion@manionstigger.com

Bret Grunnell
Beltzer Banger & Grunnel
7900 E. Union Ave., Ste. 920
Denver, CO 80237
bret@bbglaw.com

*Counsel for Plaintiff,*
*Agri-Systems d/b/a ASI Industrial*

                                              /s/ Lawrence M. Prosen
                                              Lawrence M. Prosen